[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13096
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00522-SCJ-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY BERNARD CANTRELL,
a.k.a. Greg Palmer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 15, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Gregory Bernard Cantrell appeals his convictions for possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C).  Two types of evidence introduced at trial are relevant to this appeal.  The first was Special Agent Jeff Gunter's trial testimony that four individuals mentioned by Cantrell during a drug deal were known heroin traffickers in Cantrell's neighborhood.  Cantrell moved for a mistrial on the basis that this evidence was character evidence that attempted to prove his guilt by association.  The district court denied Cantrell's motion and admitted the testimony, but on two independent occasions, the court instructed the jury that it could not consider any mention of those four individuals being involved in drug trafficking.

The second piece of evidence involved Cantrell's two prior heroin-related convictions, which the district court allowed the government to introduce over the defendant's objections.  The district court twice gave the jury a limiting instruction that it could not use this evidence to determine whether Cantrell was guilty of the charged conduct; it could only use the evidence for the limited purposes of determining whether Cantrell had the requisite intent to commit the offense or whether the acts were committed by accident or mistake.

On appeal, Cantrell argues that: (1) Special Agent Gunter's testimony about the heroin traffickers associated with Cantrell was impermissibly used to suggest that Cantrell was guilty because of his association with them; (2) the evidence of

2

his prior convictions was impermissibly admitted because it was unfairly prejudicial and unnecessary to the government's case; and (3) he received ineffective assistance of counsel when his former attorneys advised him that he would not be considered a career offender, and he rejected a government plea agreement based on that understanding. After thorough review, we affirm.

We review the denial of a motion for a mistrial for abuse of discretion. United States v. McGarity, 669 F.3d 1218, 1232 (11th Cir.), cert. denied, 133 S.Ct. 378 (2012). Ordinarily, we review a district court's evidentiary rulings for clear abuse of discretion. United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003). We will not reverse a district court's erroneous evidentiary ruling if the error was harmless. United States v. Khanani, 502 F.3d 1281, 1292 (11th Cir. 2007). An error is harmless unless there is a reasonable likelihood that it affected the defendant's substantial rights, and we will not reverse if there is sufficient, independent evidence that supports the verdict. Id. When a district court gives a curative instruction, we may reverse only if the evidence was so highly prejudicial that it was incurable by the instruction. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).

First, we are unpersuaded by Cantrell's claim that the district court abused its discretion in denying Cantrell's motion for a mistrial based on Special Agent Gunter's testimony about the heroin traffickers associated with Cantrell. Rule

3

404(a) of the Federal Rules of Evidence prohibits the admission of evidence of a person's character to prove that he acted in accordance with that character for the purpose of proving guilt of the charged conduct. Fed.R.Evid. 404(a)(1). Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403.

In this case, although the testimony of Cantrell being associated with known heroin traffickers was highly prejudicial, the district court gave a limiting instruction that the jury could not consider any mention of the individuals being involved in heroin trafficking. Because the district court gave a curative instruction that specifically addressed any potential prejudice, any evidentiary error in admitting the challenged testimony does not constitute reversible error. See Bender, 290 F.3d at 1284. Further, the government presented audio recordings, video recordings, and the testimony of two witnesses involved in the transactions that was independently sufficient to sustain Cantrell's convictions. See Khanani, 502 F.3d at 1292. Accordingly, the district court did not abuse its discretion in denying Cantrell's motion for a mistrial.

We also reject Cantrell's claim that the district court abused its discretion by admitting evidence of Cantrell's prior heroin-related convictions. Rule 404(b) prohibits the introduction of evidence of a crime, wrong, or other past act to prove a person's character for the purpose of showing that he acted in accordance with

4

that character in order to establish guilt of the charged conduct. Fed.R.Evid. 404(b)(1). However, with proper pretrial notice, this evidence may be admissible for the purpose of proving intent, absence of mistake, or other non-character reasons. Fed.R.Evid. 404(b)(2).

Here, the government filed a pretrial notice of its intent to present evidence of Cantrell's prior heroin-related convictions for the purpose of proving intent and absence of mistake. Because the government introduced the evidence for permissible purposes, the district court did not abuse its discretion in admitting the evidence under Rule 404(b)(2). Regardless, the district court gave a limiting instruction to the jury specifying that the evidence could only be used for the limited purpose of establishing intent or the lack of a mistake, and independent evidence supported the guilty verdict. See Bender, 290 F.3d at 1284; Khanani, 502 F.3d at 1292. Thus, the district court did not abuse its considerable discretion by admitting the evidence of Cantrell's prior convictions.

Finally, we decline to review Cantrell's ineffective-assistance-of-counsel claims at this stage of the proceedings. We generally do not consider claims of ineffective assistance of counsel raised on direct appeal "where the district court did not entertain the claim nor develop a factual record." Bender, 290 F.3d at 1284. An appellate court generally cannot adequately decide an ineffective-assistance-of-counsel claim raised for the first time on direct appeal because the

5

focus at trial was not whether defense counsel's actions were prejudicial or supported by reasonable strategy. Massaro v. United States, 538 U.S. 500, 504 (2003). The preferable means for deciding a claim of ineffective assistance of counsel is through a habeas corpus petition, "even if the record contains some indication of deficiencies in counsel's performance." Id.

As the record shows here, the district court did not address the issue of ineffective assistance of counsel, nor is the record sufficiently developed for us to review whether Cantrell's former trial attorneys were ineffective. Id. at 504-05. Moreover, any possible claim regarding Cantrell's attorneys' performance may require us to consider strategic decisions, which the record does not contain. Because a factual record has not been sufficiently developed for an ineffective-assistance claim against Cantrell's prior attorneys, this claim is not ready for review on direct appeal. Accordingly, we dismiss Cantrell's claim of ineffective assistance of counsel and affirm his convictions.

**AFFIRMED.**

6